**FRIGIDAIRE SALES CORPORATION, United States of America for the use of Frigidaire Sales Corporation**

v.

**MAGUIRE HOMES, INC.**
and
**American Surety Company of New York.**
**Civ. A. No. 59-102-W.**

United States District Court
D. Massachusetts.
Nov. 18, 1959.

James C. Heigham, Choate, Hall & Stewart, Boston, Mass., for plaintiffs.

Philip R. White and Louis F. Eaton, Jr., Boston, Mass., for defendants.

WYZANSKI, District Judge.

This case is now before the Court on two motions: first that of plaintiff Frigidaire Sales Corporation for summary judgment against defendant American Surety Company of New York and against defendant Maguire Homes, Inc. on Count 1 of the complaint; and second that of defendant American Surety Company of New York for summary judgment on all counts of the complaint.

Frigidaire's action against Maguire is for 104 ranges; its action against American is on a performance and labor and materials bond.

Plaintiff invokes federal jurisdiction on the basis of diversity of citizenship as well as other bases.

From defendants' answers and the undenied requests for admission filed by plaintiff, under F.R.Civ.P. Rule 36, 28 U.S.C., these appear to be the facts.

Maguire (a Massachusetts corporation) entered into a contract on April 15, 1957 with the U. S. Army, Engineer Division, for the construction of Capehart Family Housing projects for the Boston Defense Area at various cities.

In connection with this contract Maguire as principal and American Surety Company (a New York corporation) as surety executed and delivered a bond in the sum of $1,956,900.

In its pertinent part the bond provided that

" * * * if Principal shall pay all persons who have contracts directly with Principal for labor or materials furnished pursuant to the provisions of said Contract, failing which *such persons shall have a direct right of against* Principal and *Surety* under this obligation, subject to Obligees priority, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

June 20, 1957 Maguire ordered 196 Frigidaire ranges from Frigidaire (a Delaware corporation). The U. S. Army Corps of Engineers approved the order. Deliveries of 104 ranges were made in accordance with the order. At the appropriate unit price of $113.13 per range, the 104 ranges had a contract value of $11,765.52. On March 17, 1958 Frigidaire made demand for payment of $11,765.52. No payment was made in response to that demand.

This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Frigidaire is a Delaware corporation, Maguire is a Massachusetts corporation, American Surety Company is a New York corporation, and the amount in controversy exceeds $10,000.

The only issue of consequence is whether, as a matter of Massachusetts law (which is admitted to be the applicable law), plaintiff may recover from American Surety on the bond.

American Surety's contention is that no recovery can be had because under the substantive law of Massachusetts one who is not a party to a contract cannot sue thereon even if the contract is made for its benefit. But the Massachusetts rule which precludes actions by third party beneficiaries does not apply to a materialman who sues a surety on a labor and materials bond if the bond specifically authorizes a direct action by the

materialman against the surety. Johnson-Foster Co. v. D'Amore Construction Co., 314 Mass. 416, 50 N.E.2d 89, 91, 148 A.L.R. 353. In that case the bond in question provided that it was "also made for the use and benefit of all persons, firms and corporations, who may furnish any material or perform any labor for or on account of said contract * * * and they and each of them are hereby made obligees hereunder the same as if their own proper respective names were written hereunder as such, and they and/or each of them may proceed or sue hereon." Interpreting that provision Judge Qua said in 314 Mass. at page 420, 50 N.E.2d at page 92: "This paragraph was obviously intended to give direct contract rights to subcontractors and others who came within its terms to the same extent as if it had been originally given to them and they had been originally named in it. The bond constituted a standing offer of security to all who, in reliance upon it, should accept the offer by bringing themselves within its terms through the actual furnishing of material or the performing of labor * * *."

The general principle of the Johnson-Foster case is still operative in this commonwealth. Waite Hardware Co. v. Ardini & Pfau, Inc., et al., Mass., November 3, 1959, 162 N.E.2d 13, 15. While in the Waite case the particular bond there involved was construed as not giving a right to a supplier to sue a surety, Judge Cutter recognized that in Massachusetts a supplier or materialman would have a direct right "where, as in the Johnson-Foster Co. case, 314 Mass. 416, 50 N.E.2d 89, 148 A.L.R. 353, supra, there is shown a specific intention to benefit suppliers or to make an offer to them."

The principle of the Johnson-Foster Co. case governs the case at bar. For here the bond clearly provides that "all persons who have contracts directly with the Principal for labor or materials furnished * * * shall have a direct right of action against Principal and Surety under this obligation." This reveals, in

Judge Cutter's words, "a specific intention to benefit suppliers or to make an offer to them."

Frigidaire has established against Maguire its right to recover for goods sold, and against American its right to hold it as surety.

Plaintiff's motion is granted and defendant's motion is denied.