AMERICAN SURETY COMPANY OF NEW YORK, Defendant, Appellant,

v.

UNITED STATES of America for the Use of FRIGIDAIRE SALES CORPORATION, Plaintiff, Appellee.

No. 5680.

United States Court of Appeals
First Circuit.

Aug. 4, 1960.

Philip R. White, Boston, Mass., with whom Louis F. Eaton, Jr., Boston, Mass., Ralph S. Brown, Jr., Cambridge, Mass., and Hutchins & Wheeler, Boston, Mass., were on brief, for appellant.

Brinley M. Hall, Boston, Mass., with whom Choate, Hall & Stewart, Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

This is an appeal by a defendant-surety from a summary judgment entered against it and its principal and in favor of a plaintiff who had supplied materials to a contractor covered by the surety's bond which, on default by the principal, gave a direct right of action against the principal and surety to "all persons who have contracts directly with the Principal for labor or materials furnished pursuant" to a specified contract entered into by the principal to construct rental housing under the Capehart Act, 42 U.S. C.A. § 1594 et seq., in the Boston Defense Area.

There is little for us to add to the opinion of the court below in this case.

Frigidaire Sales Corp. v. Maguire Homes, Inc., D.C., 186 F.Supp. 767. It will be enough for us to say that since the plaintiff below knew from purchase orders that it was supplying materials to a prime contractor for incorporation in a so-called Capehart Project, it can well be assumed that it also knew that the contractor had provided the payment bond required by 42 U.S.C.A. § 1594(a), and that it supplied the materials in reliance upon that bond. This as we see it is enough to satisfy the requirement, insofar as it may be a requirement, of Massachusetts law that one who supplies materials to a bonded contractor but is not specifically named as an obligee in the contractor's bond must show knowledge of and reliance upon the bond in order to maintain suit thereon against the surety.

Judgment will be entered affirming the judgment of the District Court.